| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| JAMES A. EVANS, § | |
| § | |
| Petitioner, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:11-CV-682 |
| § | |
| MARK MARTIN, § | |
| § | |
| Respondent. § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, James Evans, a federal prisoner currently confined at FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition for writ of habeas corpus be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds petitioner's objections are without merit. A prisoner's right to notice of the charges against him does encompass the right to fair warning of the proscribed conduct. *Adams v. Gunnell*, 729 F.2d 362, 369-70 (5th Cir. 1984). The rules must give a person of ordinary intelligence notice of the conduct that is prohibited. *Id.* at 368. Other

federal prisoners have made the same challenge to the BOP's decision, and their requests for habeas relief have been consistently rejected by federal habeas courts because it is well-settled that "[a]n agency's interpretation of its own regulations is 'controlling . . . unless it is plainly erroneous or inconsistent with the regulation.'" *Chong v. Dist. Dir. INS*, 264 F.3d 378, 389 (3rd Cir. 2001) (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)); *see also Booth v. Patton*, 2009 WL 1636391, *4 (E.D. Ky. 2009) (cell phone considered hazardous tool under BOP Program Statement 5270.07) (citing *Barnes v. Warden, FCI Texarkana*, 2008 WL 3481942, *3 (E.D. Tex. 2008)). For example, in a similar case recently decided by the United States Court of Appeals for the Third Circuit, it was held that "the absence of the term 'cell phone' in the text of [the prior version of] Code 108 did not prevent the BOP from interpreting that provision to include this item." *Hicks v. Yost*, 377 F. App'x 223, 224-25 (3rd Cir. 2010). The Third Circuit Court further held that the BOP's interpretation of Code 108 is not plainly erroneous or inconsistent with that provision and therefore cannot be disturbed by a federal court sitting in habeas. *Id*. (citing *Chong*, 264 F.3d at 389); *see, e.g., McGill v. Martinez*, 348 F. App'x 718, 721 (3rd Cir. 2009) (rejecting the petitioner's argument that Code 108 does not prohibit possession of a cell phone and that the warden's interpretation thus constituted a "revision" of Code 108 that required a formal amendment; holding "the warden interpreted Code 108 to include possession of a cell phone because he determined that such possession 'poses a serious impact on the institution security.' That interpretation is perfectly consistent with Code 108's prohibition of items 'hazardous to institutional security.'"); *Robinson v. Warden*, 250 F. App'x 462, 464 (3rd Cir. 2007) ("We also reject . . . the argument . . . that a cell phone is not a hazardous tool [under Code 108] . . . The BOP's definition of a hazardous

tool to include a cell phone is not plainly erroneous or inconsistent with BOP regulations[.]"). Petitioner cannot rely on his own lack of knowledge to claim he was not provided adequate notice.

Petitioner also argues that the BOP's rule that includes cell phones as a "hazardous tool" as set forth in the prior version of 28 C.F.R. § 541.13 (Code 108) of its disciplinary regulations is invalid because it was not promulgated in accordance with the Administrative Procedure Act's ("APA's") notice-and-comment procedures, set forth at 5 U.S.C. § 553. The APA provides that an agency may not adopt a "rule" (commonly referred to as a "legislative rule" or "substantive rule") without providing prior notice and comment through publication in the Federal Register. 5 U.S.C. § 553(b), (c). It defines a "rule" as "the whole or part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency[.]" *Id*. § 551(4). Rules that are issued in violation of the APA are invalid.

On the other hand, "interpretive" rules seek only to interpret language already in properly issued regulations. If the agency is not adding or amending language to the regulation, the rules are interpretive. Interpretive, or "procedural," rules do not themselves shift the rights or interests of the parties, although they may change the way in which parties present themselves to the agency. Interpretive or procedural rules and statements of policy are exempted from the notice-and-comment requirement. *See, e.g., Reno v. Koray*, 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995); *Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir. 1998); *Shell Offshore Inc. v. Babbitt*, 238 F.3d 622, 627 (5th Cir. 2001) (citing *Brown Express Inc. v. United States*, 607 F.2d 695 (5th Cir. 1979).

Pursuant to relevant statutes and the notice-and-comment procedures of the APA, the BOP has promulgated disciplinary regulations applicable to federal prisoners incarcerated in BOP institutions. 28 C.F.R. § 541.10 (2010), *et seq.* Section 541.13 (2010) (Prohibited Acts and Disciplinary Severity Scale), identifies certain prohibited acts (including Code 108) and assigns to each prohibited act a severity category, and sets forth the sanctions which may or shall be imposed for each type of violation. See 28 C.F.R. § 13, Tables 3 and 4 (2010).

Petitioner appears to be arguing that the BOP's internal rule to include cell phones as a "hazardous tool" under the prior version of Code 108 violated the APA because it was not promulgated in accordance with that statute's notice-and-comment procedures. His argument lacks merit, however. Under the regulation in effect at the time at issue here, Code 108 included all tools likely to be used in an escape or escape attempt, and a cell phone falls within that definition. Therefore, the inclusion of cell phones as "hazardous tools" under Code 108 was an interpretative rule and not subject to the notice-and-comment requirement of the APA.

In conclusion, prison officials do not need to detail every possible way security can be breached or give advance notice of all conduct that is sanctioned. A reasonable person can consider a cell phone in the hands of an inmate to be a hazardous tool. That is all FCI Beaumont personnel needed to discipline petitioner because the general standard for reviewing prisoner's constitutional claims is whether the prison regulation is reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

**ORDER**

Accordingly, the objections of the petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

SIGNED at Beaumont, Texas, this 24th day of February, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE